## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARK CAMBRE**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 22-211**

**TIM HOOPER, ET AL.**                              **SECTION: D (1)**

### ORDER AND REASONS

The Court, having considered Petitioner Mark Cambre's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody,[1] the record,[2] the applicable law, the Report and Recommendation and Supplemental Report and Recommendation of the United States Magistrate Judge,[3] and Petitioner's timely filed Objections to Magistrate's Supplemental Report and Recommendation,[4] hereby overrules the objections for the reasons below and approves the Supplemental Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

As the facts and procedural background of this matter are not contested, the Court adopts the Magistrate Judge's summary of the factual background and procedural history of the Petition as set forth in the Supplemental Report and Recommendation.[5]  In his habeas Petition, Cambre generally asserts the following grounds for habeas relief: (1) Ineffective Assistance of Trial Counsel; (2) Denial of Equal Protection and Due Process by failure to be provided with a full and complete

---

[1] R. Doc. 3.
[2] The record includes the state court record which has been provided to the Court.
[3] R. Docs. 19 and 24, respectively.
[4] R. Doc. 27.
[5] R. Doc. 24.

trial transcript; (3) Ineffective Assistance of Appellate Counsel; and (4) Prosecutorial Misconduct.[6]  Petitioner also claims that these errors cumulatively mandate relief.[7]

Petitioner filed his Petition in this Court on February 25, 2022.[8]  On March 2, 2022, the Court issued an Order giving the State until April 2, 2022 to respond to the Petition.[9]  After requesting, and being granted, extensions of time to respond, the State timely responded on June 13, 2022.[10]  Petitioner then sought leave to respond, which was granted, and Petitioner was given until August 29, 2022 to reply.[11]  When no reply was received by Petitioner, the Magistrate Judge issued an initial Report and Recommendation, recommending that the Petition be dismissed with prejudice.[12]

Petitioner then filed Objections to that Report and Recommendation, primarily arguing that the Magistrate Judge had not considered his reply to the State's opposition.[13]  Petitioner attached a copy of his Traverse and Reply to State's Response in Opposition to Granting of Writ of Habeas Corpus to his objections.[14]  Petitioner's response was scanned by the Legal Department of the Louisiana State Penitentiary as having been emailed to this Court on August 25, 2022; however, for reasons unknown, it was not received or filed into the court record, nor was it provided to the Magistrate Judge.[15]  As a result, the Report and Recommendation issued by the

---

[6] R. Doc. 3.
[7] *Id.*
[8] *Id.*
[9] R. Doc. 6.
[10] R. Doc. 16.
[11] R. Doc. 18.
[12] R. Doc. 19.
[13] R. Doc. 22.
[14] R. Doc. 22-1.
[15] *Id.*

Magistrate Judge was issued without the Magistrate Judge having the benefit of Petitioner's reply.[16] Accordingly, this Court ordered the Petition, response by the State, and Petitioner's reply brief referred back to the Magistrate Judge for a supplemental report and recommendation.[17]

With the benefit of the full briefing on the matter, the Magistrate Judge issued a Supplemental Report and Recommendation and Petitioner was given until August 9, 2023 to file any objections to that Supplemental Report and Recommendation.[18] Petitioner moved for, and was granted, an extension of time to file objections until August 23, 2023.[19] Petitioner filed his objections were August 24, 2023.[20]

Although Petitioner's objections are untimely, the Court, in its discretion, and because Petitioner is proceeding *pro se*, considers those objections which are specific and which address a particular proposed finding or conclusion. Petitioner first objects to the Magistrate Judge's findings regarding his claim of ineffective assistance of counsel based on trial counsel's (1) failing to hire a forensic expert in ballistics and failing to retain an expert to review the state's reconstruction evidence; (2) failing to subpoena the state's expert's notes; (3) retaining an attorney as an expert who failed to qualify as an expert in the field proposed; (4) failing to effectively cross-examine a witness; (5) failing to call Petitioner's co-defendant as a witness; (6) failing to object to the court's failure to question a juror regarding her concerns; (7) failing to move for

---

[16] R. Doc. 19.
[17] R. Doc. 23.
[18] R. Doc. 24.
[19] R. Docs. 25 and 26.
[20] See R. Doc. 27 as having been received by the Legal Programs Department of the Louisiana State Prison with a date stamp of August 24, 2023 and emailed to the court the same day. Objections were due August 23, 2023.

a mistrial after the prosecutor referenced Petitioner's post-arrest silence; (8) failing to move for a mistrial after learning that portions of the voir dire had not been recorded and allowing for reconstruction of that portion of the voir dire without Petitioner's presence; (9) failing to subpoena telephone records; (10) failing to timely retain an investigator; and (11) failing to adequately cross-examine and to object to testimony from the state's expert.[21]  Petitioner next objects to the Magistrate Judge's finding that his rights were not violated by the lack of a complete voir dire transcript.[22]   His third objection is to the Magistrate Judge's finding that his appellate counsel was not ineffective for failing to have the voir dire proceedings transcribed.[23]  Fourth, Petitioner objects to the Magistrate Judge's conclusion regarding his allegations of prosecutorial misconduct. Finally, Petitioner alleges that the Magistrate Judge erred in disregarding that the cumulative effect of these claims warrants the granting of habeas relief.

Having listed the objections set forth in Cambre's "Objections to Magistrate's Supplemental Report and Recommendation and Incorporated Memorandum,"[24] the Court first notes that most of what Petitioner styles as "objections" are merely restatements and rehashings of his earlier arguments, with entire paragraphs often being lifted verbatim from the original Petition[25] as well as from Petitioner's Traverse

---

[21] R. Doc. 27. Petitioner withdrew his claims that his counsel was ineffective for (1) failing to move for a change of venue, (2) failing to move for a hearing regarding a juror's fear of Petitioner, (3) waiving Petitioner's presence at a conference concerning a juror's fear of Petitioner, and (4) failing to investigate the location of the missing weapons. *See id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] R. Doc. 3.

and Reply to State's Response in Opposition.[26]   In restating most of his original claims, Cambre now simply adds that "the district court's decision denying relief was contrary to and involved an unreasonable application of clearly established law."[27]

Petitioner fails to explain why and in what way the Magistrate Judge's further review and findings are erroneous.  Put simply, Petitioner fails to explain the basis for many of his "objections."   Such vague assertions do not provide sufficient information for this Court to determine the basis for any objection.  Generalized, non-specific objections which fail to point to any supposed error in a magistrate judge's report do not trigger *de novo* review.[28]  To the extent that Petitioner's "objections" are merely restatements of either his Application for Relief or his Traverse to the State's Opposition, the Court finds that *de novo* review is not required.

---

[26] R. Doc. 22-1. By way of limited examples, compare Petitioner's Objections in R. Doc. 27 at pp. 2–3 with R. Doc. 22-1 at pp. 2–3; R. Doc. 27 at pp. 8–9 with R. Doc. 22-1 at pp. 5–6; R. Doc.27 at p. 6 with R. Doc. 22-1 at pp. 12–13; R. Doc. 27 at pp. 16–18 with R. Doc. 22-1 at p. 9; R. Doc. 27 at p. 18 with R. Doc. 22-1 at p. 10; R. Doc. 27 at p. 20 with R. Doc. 22-1 at p. 11; R. Doc. 27 at pp. 34–35 with R. Doc. 22-1 at pp. 21–22; R. Doc. 27 at pp. 39–40 with R. Doc. 22-1 at pp. 23–25.

[27] *See* R. Doc. 27 at pp. 11 (last line) and 12;  p. 14 (second sentence); p. 15 (fifth paragraph); p. 18 (second paragraph); p. 19 (first paragraph); p. 20 (last paragraph); p. 22 (fifth paragraph); p. 24 (fourth paragraph); p. 26 (first paragraph); p. 27 (first paragraph); p. 30 (fourth paragraph); p. 32 (fourth paragraph); p. 33 (third paragraph); p. 34 (first paragraph); p. 35 (first paragraph); p. 41 (second paragraph).

[28] *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988); *accord id.* ("The point of making objections is to tell the district judge—who, under § 636(b)(1) must make the final decision and enter judgment—what issues the parties actually dispute.  Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review."); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) ("[T]he district court may . . . properly dispose of the matter . . . by stating that the objections do not address a particular proposed finding or conclusion, but that even if they did, that finding or conclusion is proper[.]"); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) ("We are satisfied that providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

**A.**     **Petitioner's Objections Regarding the Magistrate Judge's Findings on Petitioner's Claims of Ineffective Assistance of Trial Counsel.**

The Court now turns to its review of those objections which appear to claim some wrongful analysis or application of the law by the Magistrate Judge. Petitioner's first claim, which includes many subparts, is that his trial counsel was ineffective. The Court addresses those claims of ineffective assistance of trial counsel to which it appears Petitioner has raised an objection.

As Petitioner recognizes, the definitive standard for addressing ineffective assistance of counsel was set forth by the U.S. Supreme Court in *Strickland v. Washington*.[29] Per *Strickland*, "a criminal defendant's Sixth Amendment right to counsel is violated if his trial attorney's performance falls below an objective standard of reasonableness and if there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission."[30] Overcoming *Strickland*'s high bar "is never an easy task."[31] "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is 'all too tempting' to second-guess counsel's assistance after conviction or adverse sentence.'"[32]

---

[29] 466 U.S. 668 (1984).
[30] R. Doc. 27 at p. 1 (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)).
[31] *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).
[32] *Id.*

Further, because Cambre's ineffective assistance claim was denied on the merits by the state courts,[33] he must show that the state court's denial was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[34]   Title 28 United States Code § 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.[35]   Under the "unreasonable application" determination, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable."[36]   When reviewing a state court's application of *Strickland* under § 2254(d), "the question is not whether counsel's actions were reasonable . . . [t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[37]   The Court now determines whether Petitioner has met his burden of proof.

### i.   Failure to hire a forensic expert in ballistics and failure to retain an expert to review the state's reconstruction evidence

The Magistrate Judge first determined that the state court's determination that Petitioner's trial counsel was not ineffective for failing to hire and retain a

---

[33] *See* State court record, Volume 61, Order of state district court dated August 20, 2020; *Cambre v. Cain*, 20-KH-382 (La. App. 5th Cir. Jan. 12, 2021) and *Cambre v. Cain*, 331 So. 3d 916 (La. 2022).
[34] 28 U.S.C. § 2254(d).
[35] *Harrington v. Richter*, 562 U.S. 86 (2011).
[36] *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).
[37] *Harrington*, 562 U.S. at 105.

forensic expert, Richard Ernest, was not contrary to or an unreasonable application of *Strickland*.  In her R&R, the Magistrate Judge recognized that the decision about whether or not to call an expert witness is often a strategic trial decision that habeas courts, with the benefit of hindsight, should not freely second guess.  In short, the Magistrate Judge found that Petitioner had not met his burden in proving that his trial counsel's decision to not hire a forensic expert was constitutionally deficient.

Petitioner objects to this finding from the Magistrate Judge on the grounds that the Magistrate Judge incorrectly determined that his counsel's decision may have been strategic when, according to Petitioner, it was instead based on "a mistaken belief that funds were not available."[38]  Although not clearly stated, Petitioner appears to be arguing that the Magistrate Judge's finding based on the state record was based on an unreasonable determination of the facts.  The Petitioner raised this exact argument before the Magistrate Judge and the Magistrate Judge rejected it, explaining that Petitioner's concession that his "family offered funds pretrial to retain an expert" undercuts his argument that his counsel mistakenly believed that there were no funds available to hire an expert.[39]

Insofar as Petitioner recycles the same argument, the Court does not find that such objection warrants *de novo* review.  Moreover, Petitioner has not shown clear error committed by the Magistrate Judge.  Based on its own review, the Court finds that the state court's decision denying relief on this ground was not contrary to and did not involve an unreasonable application of clearly established law. The Court

---

[38] R. Doc. 27 at p. 8.
[39] R. Doc. 24 at p. 24.

overrules the Petitioner's objection as to this ground and adopts the Magistrate Judge's Supplemental R&R on this point.

### ii.    Failure to subpoena the state's expert's notes

Petitioner next objects to the Magistrate Judge's finding that the state court's determination that Petitioner's trial counsel was not ineffective for failing to subpoena notes and other materials relied on by the state's expert witness was not contrary to or an unreasonable application of federal law.  In the R&R, the Magistrate Judge explained that Petitioner's IAC contentions should be denied because Petitioner failed to provide anything other than "rank speculation" about the helpfulness of the expert's notes and materials.  Petitioner objects to this finding on the basis that he should not be expected to know anything about the substance of the notes and materials precisely because he does not have access to them.

Upon review, the Court finds that the objections should be overruled.  As the Magistrate Judge correctly stated, Petitioner cannot meet his burden under *Strickland* of proving prejudice through speculation about the contents of materials his counsel allegedly should have subpoenaed.  Petitioner's objection, while perhaps logically sound, is without legal basis.  The Court overrules the Petitioner's objection and adopts the Magistrate Judge's Supplemental R&R on this point.

### iii.   Retaining an attorney as an expert who failed to qualify as an expert in the field proposed

Next, Petitioner objects to the Magistrate Judge's findings on his claim of ineffective assistance as it relates to his counsel's retaining of an attorney, Wiley Beevers, who failed to qualify as a reconstruction expert.  Petitioner's objections are

vague and non-specific, appearing only to attempt to distinguish the facts of the instant case from those of *Hinton v. Alabama*,[40] a Supreme Court case cited by the Magistrate Judge for the proposition that failing to choose a "better" expert witness does not necessarily constitute deficient performance under *Strickland*.  The factual differences between this case and *Hinton* are of no moment and do not undermine the Magistrate Judge's analysis.

To the extent that Petitioner may be arguing that the Magistrate Judge's analysis of the state record resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, the Court finds that such a contention is not supported by the record. The Court bases this finding on several findings.  While Petitioner contends that trial counsel was ineffective for not hiring a "forensic" expert to rebut the state's expert, the record reveals otherwise.  The Court points to the trial transcript which evidences that counsel did, in fact, seek to have an expert, Wiley Beevers, testify and, further, that the state moved for a *Daubert* hearing for the court to determine whether the expert would be allowed to testify.[41]  After a hearing held on February 25, 2005, the trial court ruled that the witness, who had previously been qualified as an expert in several courts, would be allowed to testify regarding ballistics but that a further determination would be made at trial about whether the witness could testify further.[42]  Ultimately, Petitioner's counsel did not call Beevers as an expert at trial.

---

[40] 571 U.S. 263 (2014).
[41] State court record, Volume 1, pp. 172–74.
[42] State court record, Volume 10, pp. 798–832.

As the Magistrate Judge correctly explained, that Beevers may not have qualified as an expert in every field proposed by Petitioner's counsel does not indicate that his counsel was constitutionally ineffective for retaining Beevers.

Based on its own review, the Court finds that the state court's decision denying relief was not contrary to and did not involve an unreasonable application of clearly established law. The Court overrules the Petitioner's objection as to this ground and adopts the Magistrate Judge's Supplemental R&R.

### iv.   Failure to effectively cross-examine a witness

As for Petitioner's next objection regarding his claim that trial counsel was ineffective for failing to effectively cross or re-cross examine a witness regarding the sound and sequence of shots, Petitioner simply asserts that the Magistrate Judge's R&R was "not accurate" in its finding that the state court decision denying relief was not contrary to and did not involve an unreasonable application of clearly established law.[43]

Initially, the Court notes that Petitioner's statement that the Magistrate Judge found that the witness's testimony was not inconsistent and therefore she could not have been impeached is not an accurate restatement of the R&R.  Instead, the Court directs Petitioner to the part of the R&R that excerpts portions of the trial transcript which confirmed that defense counsel did indeed question the witness about her familiarity with guns[44] and then attempted to further cross-examine the witness

---

[43] R. Doc. 27 at p. 16; R. Doc. 24 at pp. 30–34.
[44] State court record, Volume 10, p. 1000.

about her knowledge of guns and the sound but was precluded from doing so by the trial court.[45]

This Court has conducted the same review.  Specifically, trial counsel argued that he should be allowed to further question the witness because "[t]hey're (the State) going to do their closing argument based on the sounds that this woman heard, and the series of sounds and the levels of sounds."[46]  The trial court sustained the State's objection to this line of questioning.[47]  The record reflects that trial counsel persisted and questioned the witness further, including asking several more questions regarding whether she could differentiate the gun sounds and whether she had any training in "noise detection with respect to firearms."[48]  That line of questioning, too, was objected to and sustained by the trial court.[49]

The Court further recognizes that trial counsel was in the best position to make tactical and strategic decisions about effective cross-examination, especially when cross examining a lay, non-law enforcement witness.  "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."[50]  The Court's review finds that Petitioner's objection on this basis is not supported by the record and that the state court's decision denying relief was not contrary to and did not involve an unreasonable application of clearly

---

[45] R. Doc. 24 at pp. 31–33; State court record, Volume 10, pp. 1001–03.
[46] State court record, Volume 10, p. 1003.
[47] *Id.*
[48] State court record, Volume 10, p. 1003 to State court record, Volume 12, p. 1004. (For reasons unknown the trial transcript proceeds from Volume 10 to Volume 12.)
[49] State court record, Volume 12, p. 1004.
[50] *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).

established law.  The Court overrules the Petitioner's objection as to this ground and adopts the Magistrate Judge's Supplemental R&R.

### v.    Failure to call Petitioner's co-defendant as a witness

Addressing Petitioner's next objection to the Magistrate Judge's findings on Petitioner's claim that trial counsel was ineffective for failing to call Petitioner's co-defendant, Donald Logan, as a witness, the Court notes that Petitioner's "objection" appears to be no more than a disagreement with the Magistrate Judge's finding. Specifically, Petitioner asserts that "[t]he R&R notes that this claim should be rejected because Cambre has not shown that Logan was willing to testify and that it was reasonable to assume that because Logan had been charged in connection with the victim's death that he would have invoked his Fifth Amendment right against self-incrimination" and then, again, adds that "the state district court's decision denying relief was contrary to and involved an unreasonable application of clearly established law."[51]  Petitioner then simply lifts paragraphs from his Traverse and Reply to the State's Opposition and includes it as part of his objection.[52]  Petitioner makes no further explanation of this "objection."

To the extent that Petitioner's objection is simply a disagreement with the Magistrate Judge's findings, such a disagreement does not rise to an objection which can be acted on by this Court.  Again, such vague assertions do not provide sufficient information for this Court to determine the basis for any objection. Generalized, non-

---

[51] R. Doc. 27 at pp. 18–19.  Further, as pointed out by the State in its response, at the time of the Petitioner's trial, his co-defendant had not yet been tried; the co-defendant's trial was not held until June 20, 2006.  *See* R. Doc. 16 at p. 25.

[52] *Compare* R. Doc. 22-1, Traverse, p. 10, ¶¶1–3, *with* R. Doc. 27, p. 18, ¶¶ 2–4.

specific objections which fail to point to any supposed error in a magistrate judge's report do not trigger *de novo* review.

At most, Petitioner objects to the Magistrate Judge's finding that Petitioner has not shown that it was likely that Logan would have waived his Fifth Amendment rights and voluntarily testified at Petitioner's trial.  Even if Petitioner were correct on this point, Petitioner still fails to address the prejudice prong of *Strickland*.  As the Magistrate Judge correctly pointed out, Petitioner has provided "no evidence whatsoever" that Logan's testimony would have been favorable to Petitioner's defense.  Petitioner provided no objections to the Magistrate Judge's findings on that point.  Reviewing for clear error, the Court finds no error in the Magistrate Judge's analysis and application of the law and therefore adopts the Magistrate Judge's Supplemental R&R on this point.

### vi. Failure to object to the court's failure to question a juror regarding her concerns

Petitioner's next objection to the R&R's finding that his trial counsel was not ineffective for failing to object to the court's failure to question a juror concerning her fear of retribution fares no better.  Again, Petitioner appears to just disagree with the Magistrate Judge's finding and summarily states that "the state district court's decision denying relief was contrary to and involved an unreasonable application of clearly established law."[53]  Further, Petitioner again lifts entire paragraphs from his Traverse, and inserts them in what he now calls "objections."[54]  The Court finds no

---

[53] R. Doc. 27 at p. 20.
[54] *Compare* R. Doc. 22-1 Traverse, pp. 10–11, *with* R. Doc. 27, pp. 19–20.

clear error in the Magistrate Judge's analysis and application of the law as to this ground.

### vii.  Failure to move for a mistrial after the prosecutor referenced Petitioner's post-arrest silence

Petitioner's next basis for his ineffective assistance claim is that trial counsel failed to move for a mistrial based upon the State's improper reference to Cambre's post-arrest silence.  The Magistrate Judge recognized that the state district court considered and denied this claim and Petitioner's writ applications were denied by the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court.[55]  The Magistrate Judge reviewed the relevant portion of the trial transcript regarding this claim and asserted that trial counsel was not necessarily ineffective for not moving for a mistrial, even if he could have done so.[56]  The Magistrate Judge reasoned:

> A habeas court, whose knowledge of a case is limited to a cold record, should therefore second-guess trial counsel's decisions on such matters in only the most egregious circumstances.  This is not such a circumstance.  Here, defense counsel's objection was immediately sustained, the prosecutor's problematic question was not answered, and the question was immediately withdrawn.  Counsel's decision not to insist on a mistrial based on this one fleeting, unanswered question simply cannot be said to have permeated the entire trial with obvious unfairness, and so relief is not warranted.  *See Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).[57]

Petitioner seemingly appears to disagree with the Magistrate Judge's application of the law to the facts.  A review of the trial transcript is helpful.

---

[55] R. Doc. 24 at p. 45 (citing *Cambre v. Cain*, 20-KH-382 (La. App. 5th Cir. Jan. 12, 2021) and *Cambre v. Cain*, 331 So. 3d 916 (La. 2022)).

[56] *Id.* at p. 47.

[57] *Id.* at p. 48.

Petitioner took the stand during his trial. Under questioning by the State, the Assistant District Attorney asked:

> "Q. Now at this point, July the 10th, when the police searched your residence, you have never given any statements to the police about what had happened to you, correct, with Kelly Marrione?"[58]

Trial counsel immediately raised an objection and a discussion took place at the bench out of the presence of the jury at which point the Assistant District Attorney advised the court that he withdrew the question. The State then tendered the witness without asking further questions.

Petitioner argues that trial counsel was ineffective for failing to move for a mistrial. The record, however, reflects that trial counsel was well aware that he could have moved for a mistrial; during the bench conference, trial counsel stated: "If I might speak. If the District Attorney forces a mistrial under U.S. versus Edwards and Kennedy . . ."[59] He further reiterated: "And I'm not going to bite into moving for a mistrial at this point."[60] The record makes clear that trial counsel was well aware of his right to move for a mistrial and thus made a strategic and tactical decision not to do so.

Further, as pointed out by the State in its opposition, "[a] mistrial is a drastic remedy and, except in instances in which a mistrial is mandatory, is warranted only when trial error results in substantial prejudice to a defendant, depriving him of a

---

[58] State court record, Volume 22, pp. 3206–07.
[59] *Id.*
[60] *Id.*

reasonable expectation of a fair trial."[61]  Moreover, nothing in the record reveals that a mistrial, if one had even been granted—which is in no way assured based on the single propounded and unanswered question—would have resulted in the next trial being more favorable to Petitioner.  As referenced by the Magistrate Judge, the Fifth Circuit has held that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."[62]

This Court's *de novo* review of the transcript and record is in accord with the finding made by the Magistrate Judge—no such unfairness permeated the trial based on this posed yet unanswered question.  The state court's denial of Petitioner's claim was not an unreasonable application of *Strickland*.  The Court overrules the Petitioner's objection as to this ground and adopts the Magistrate Judge's Supplemental R&R on this point.

### viii.    Failure to move for a mistrial after learning that portions of the voir dire had not been recorded and for allowing for reconstruction of that portion of the voir dire outside of Petitioner's presence

Petitioner's next objection pertains to the Magistrate Judge's rejection of his claim that his trial counsel was ineffective for agreeing to re-create a portion of the voir dire outside of the Petitioner's presence and for not moving for a mistrial when it was determined that the court reporter had not taken down a transcript of that portion of the proceeding.  Petitioner did not file any specific objection to the

---

[61] R. Doc. 16 at p. 31 (quoting *State v. Licona*, 13-543 (La. App. 5th Cir. 5/21/14), 141 So. 3d 333, 339).
[62] *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).

Magistrate Judge's R&R as it related to this ground.    As such, after a thorough review of the R&R, the Court finds no clear error and adopts that portion of the R&R as its own opinion.

ix.    **Failure to subpoena telephone records**

Petitioner also objects to the Magistrate Judge's finding that his counsel was not ineffective for failing to subpoena telephone records purporting to establish a connection between the Petitioner and the victim.  The Magistrate Judge rejected Petitioner's claim on the grounds that Petitioner failed to produce evidence of such records and neither the state court nor this Court could "simply accept his mere allegation on that issue."[63]   Petitioner's objection does not specifically address the Magistrate Judge's findings.  Instead, Petitioner mostly focuses on whether his counsel's performance was deficient.  That inquiry, however, does nothing to satisfy *Strickland*'s prejudice prong which, as the Magistrate Judge correctly noted, Petitioner lacks evidence to support.  Without substantive evidence of the underlying telephone records, Petitioner cannot sustain his burden to prove his claim.  The state court's determination was not contrary to or an unreasonable application of *Strickland* and the R&R is not likewise not clearly erroneous or contrary to law.  The Court overrules Petitioner's objection and adopts that portion of the R&R as its own opinion.

---

[63] R. Doc. 24 at p. 61.

### x.      Failure to timely retain an investigator

Similarly, Petitioner fails to show any error in the Magistrate Judge's determination that his trial counsel was not ineffective for failing to "timely retain" an investigator to substantiate his allegation that the victim fixed tickets for money. As Petitioner admits in his own objection, he does not have access to these supposedly beneficial records and has not provided them either to this Court or to the state courts. Petitioner lodges no specific objection to the Magistrate Judge's findings and this Court, reviewing for clear error, finds no error in the R&R. The Court overrules Petitioner's objection to the extent one exists and adopts that portion of the R&R as its own opinion.

### xi.     Failure to adequately cross-examine and to object to testimony from the state's expert

Petitioner's last set of objections to the Magistrate Judge's findings on his claim of ineffective assistance of trial counsel pertain to his specific contention that his trial counsel was ineffective for failing to object to the testimony of state expert witness Timothy Scanlan and for failing to adequately cross-examine Scanlan. Petitioner's objections here mostly reiterate his previously discussed objections regarding his counsel's alleged failure to retain an expert witness for the defense and to subpoena the notes upon which Scanlan's testimony was based. Petitioner makes no specific objection to the Magistrate Judge's findings nor does Petitioner point out any particular error on the part of the Magistrate Judge. Again, Petitioner's arguments at most address the deficiency prong of *Strickland* and do not show that the state

court's determination of his contentions was contrary to or an unreasonable application of *Strickland*.

Upon further review, this Court does not find that Petitioner has demonstrated any error in the R&R on this point.  To the extent that Petitioner's objection here track several of his prior objections, the Court finds that the present objection should be overruled on the same grounds.  The Court adopts this portion of the R&R as its own opinion.

**B.     Petitioner's Objections Regarding the Magistrate Judge's Findings on Petitioner's Claim of a Violation of His Rights by Incomplete Transcript.**

Petitioner's second substantive ground for habeas relief is that his rights were violated by the incomplete voir dire transcript. The Louisiana Fifth Circuit Court of Appeal considered this argument and found that "the missing portion of the trial record concerning jury selection is not evidentiary and, therefore, its absence does not compromise defendant's constitutional right to a judicial review of all evidence."[64] That court further determined that Petitioner was not entitled to relief absent a showing of prejudice based on the missing portion of the transcript.[65]

The Magistrate Judge recommended dismissal of Petitioner's claims if such claims were based on state law, stating, "Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice."[66]  Petitioner objects, seeming to assert that

---

[64] State court record, Volume 41.
[65] *Id.*
[66] R. Doc. 24 at p. 69 (quoting 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

the Magistrate Judge applied the wrong law.  Petitioner appears to claim that the Magistrate Judge did not address Petitioner's argument that the incomplete voir dire transcript violated not only his rights under state law, but also his constitutional rights.[67]

To the contrary, after discussing and resolving whether Petitioner's claims were cognizable under state law, the R&R continues: "Second, to the extent that petitioner was arguing that the failure to provide him with a complete transcript violated rights guaranteed to him by the United States Constitution, the [initial] Report and Recommendation rejected that argument, noting that federal law does not invariably demand that a full, verbatim transcript be available to every criminal defendant."[68]  The Magistrate Judge then went on to cite and quote, in detail, the United States Court of Appeals for the Fifth Circuit for the proposition that "'a complete verbatim transcript' is not always required to ensure that a defendant's right to meaningful appellate review is satisfied."[69]  The Fifth Circuit has further noted "the record is 'adequate for full appellate review' so long as it contains the portions necessary to address the alleged errors" and that "claims based on incomplete transcripts must show that 'the absence of such a transcript prejudiced [the defendant's] appeal.'"[70]  As correctly pointed out by the Magistrate Judge and

---

[67] R. Doc. 27 at p. 31.
[68] R. Doc. 24 at p. 70.
[69] *Id.* (quoting *Higginbotham v. Louisiana,* 817 F.3d 217, 222 (5th Cir. 2016)).
[70] *Id.* (quoting *Schwander v. Blackburn,* 750 F.2d 494, 487–98 (5th Cir. 1985)).

the State in its opposition, the Louisiana courts concluded that the record was adequate for review.[71]  Petitioner has made no showing otherwise.

Notedly, the Louisiana state courts to consider Petitioner's appeal determined that the record was sufficient to review his claim regarding the trial court wrongly denying a defense challenge for cause.  To the extent that Petitioner's objection is that the Magistrate Judge applied the wrong law, or failed to consider his constitutional challenge, the record does not support that objection.  Petitioner's claim for habeas relief based on this ground was considered by the Magistrate Judge, and it was considered applying the correct law.[72]  Based on its own review, the Court finds that the state court's decision denying relief was not contrary to and did not involve an unreasonable application of clearly established law.  The Court overrules the Petitioner's objection as to this ground and adopts the Magistrate Judge's Supplemental R&R.

## C.   Petitioner's Objections Regarding the Magistrate Judge's Findings on Petitioner's Claim of Ineffective Assistance of Appellate Counsel.

Petitioner's third ground for habeas relief is ineffective assistance of appellate counsel for failing to have the complete voir dire proceeding transcribed.  In the R&R, the Magistrate Judge found no merit to Petitioner's contentions, explaining that the Petitioner fails to allege that anything in the voir dire proceedings that appellate counsel allegedly failed to have transcribed would have affected the outcome of the proceedings.  Petitioner generically objects to that finding, again claiming that his

---

[71] *Id.*
[72] *See id.* at pp. 66–73.

appellate counsel was ineffective for failing to have the voir dire proceedings transcribed at all.

The Court finds no error in the Magistrate Judge's findings in the R&R. Petitioner fails to show any prejudice resulting from his counsel's purportedly deficient performance. As such, he cannot demonstrate that the state court's determination of his claim was contrary to or an unreasonable application of *Strickland*. The Court overrules the Petitioner's objection as to this ground and adopts the Magistrate Judge's Supplemental R&R.

**D.    Petitioner's Objections Regarding the Magistrate Judge's Findings on Petitioner's Claims of Prosecutorial Misconduct.**

In his fourth claim for habeas relief, Petitioner claims that the prosecutor failed to produce a draft expert report containing allegedly exculpatory information about the discovery of shell casings apparently found the day after the shooting in violation of *Brady v. Maryland* and further then allowed a witness to testify falsely in violation of *Napue v. Illinois*.[73] Petitioner claims that he was not aware of this draft report until his co-defendant's trial.[74] The Magistrate Judge noted that the state district court expressly addressed and denied these claims.[75]

*Brady v. Maryland*[76] and its progeny require the State to disclose any exculpatory evidence to the defendant and prohibit the State from suppressing such exculpatory evidence. As correctly stated by the Magistrate Judge, in order to prove

---

[73] R. Doc. 3-1 at p. 59.
[74] *Id.*
[75] R. Doc. 24 at pp. 78–80.
[76] 373 U.S. 83 (1963).

a criminal defendant must establish that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material to the issues at trial.[77]   Separately, *Napue v. Illinois*[78] prohibits the State from deliberately relying upon perjured testimony.   To prove a *Napue* claim so as to be entitled to a new trial, a defendant must satisfy three elements: (1) the statements at issue must be shown to be actually false; (2) the prosecution must have known that they were false; and (3) the statements must be material.[79]

In her R&R, the Magistrate Judge determined that Petitioner had failed to demonstrate any error in the state court's denial of his *Brady* claim because Petitioner had failed to demonstrate that the state had suppressed or withheld the draft report from him.   Further, the Magistrate Judge determined that Petitioner was not entitled to an evidentiary hearing on the issue of whether the draft report was provided to the Petitioner.   Though not entirely clear, Petitioner appears to object to the Magistrate Judge's factual finding that Petitioner has not presented evidence that the state withheld the draft report from him.[80]   This objection is without merit.

Initially, the Court reiterates what the Magistrate Judge also noted—namely, Petitioner does not allege that the State suppressed evidence.   Instead, in his Petition, Petitioner claims that "[a]n evidentiary hearing is required to determine whether this report was provided to the defense.   If the state failed to provide the report then Mark [Cambre] has been prejudiced.   If the report was provided, this claim for relief is moot,

---

[77] R. Doc. 27 at p. 81 (citing *State v. Brown,* 15-2001 (La. 2/19/16), 184 So.3d 1265, 1266).
[78] 360 U.S. 264 (1959).
[79] *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997).
[80] R. Doc. 27 at pp. 33–34.

and the failure to utilize its contents is ineffective assistance of counsel, as has been alternatively argued, *supra*."[81]  By his own acknowledgement, Petitioner has failed to show that the prosecutor suppressed evidence.  Petitioner cannot in his objections walk back his own prior admissions.  Further, for purposes of review at this stage, the Court considers whether the state court unreasonably applied federal law or unreasonably determined the facts presented to it at the time.  This Court cannot consider new factual allegations couched as objections in determining whether the state court unreasonably determined the facts that it had before it at the time it made its own determination.[82]

To the extent that Petitioner alleges there was a draft report not provided to the defense, it is Petitioner's burden to show that the state suppressed such evidence. Petitioner has failed to meet his burden to show a *Brady* violation.  Finally, to the extent that Petitioner objects to the Magistrate Judge's determination that he is not entitled to an evidentiary hearing, the Court concurs with the Magistrate Judge's correct holding that Petitioner has not overcome the restrictions of 28 U.S.C. § 2254(e) to require the Court to hold an evidentiary hearing.[83]  Based on its *de novo*

---

[81] R. Doc. 3-1 at p. 59.
[82] *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) ("This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.").
[83] 28 U.S.C. 2254(e):

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

review of the record and the law, the Court overrules the Petitioner's objection as to this ground and adopts the Magistrate Judge's Supplemental R&R.

As for the alleged *Napue* violation, Petitioner generically objects to the R&R's findings, claiming that the Magistrate Judge denied his arguments as "entirely speculative."[84]  This objection does not, however, pertain to what the Magistrate Judge actually found, namely, that Petitioner misinterprets the testimony of state expert witness Timothy Scanlan and cannot demonstrate that Scanlan testified falsely.  The Court finds no error in the Magistrate Judge's findings on this point.

Nor has Petitioner demonstrated any *Napue* violation regarding the testimony of Connie Fossier.  Petitioner's objections on this point are merely a restatement of his prior arguments and do not amount to a proper objection.  Again, the Magistrate Judge did not err in denying this claim.  The Court overrules the Petitioner's objections and adopts the Magistrate Judge's Supplemental R&R.

---

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[84] R. Doc. 27 at p. 34.

**E.    Petitioner's Objections Regarding the Magistrate Judge's Findings on Petitioner's Claims of Cumulative Error.**

Petitioner's final claim is that cumulative errors warrant relief. The Magistrate Judge recognized that the state district court considered and denied this claim and Petitioner's writ applications were denied by the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court.[85]  Petitioner's objection merely asserts that the Magistrate Judge's R&R is "simply not so."[86]  Petitioner argues that "each error standing alone would be considered harmless, but in cumulation was harmful.  This is the same thing that occur[ed] during trial proceedings.  The prosecution commits harmless errors as well as counsel committing ineffective assistance errors that, standing alone would be harmless, but in cumulation harmful to the defendant's right to a full and fair adjudication."[87]

As correctly noted by the Magistrate Judge, Petitioner raised this same ground on appeal at which time the state district court addressed and denied the claim, holding:

> The defendant repeats his cumulative error claim.  This court emphatically rejected this claim in the 2008 order.  The same law and reasoning apply.
> The petitioner argues that the total aggregate effect of errors denied him a fair trial.  When, as here, the individual contentions are meritless, the result cannot be change simply by asserting them collectively.  The United States Fifth Circuit Court of Appeals rejected cumulative error, stating: "Twenty times zero equals zero."[88]

---

[85] R. Doc. 24 at pp. 88–89 (citing *Cambre v. Cain*, 20-KH-382 (La. App. 5th Cir. Jan. 12, 2021) and *Cambre v. Cain*, 331 So. 3d 916 (La. 2022)).
[86] R. Doc. 27 at p. 35.
[87] *Id.* at pp. 35–36.
[88] R. Doc. 24 at p. 88.

As the Fifth Circuit has stated, "when individual allegations of error are not of constitutional stature or are not errors, there is nothing to cumulate."[89]   Having resolved Petitioner's objections, and reviewed the entire record, the Court finds no errors to cumulate. Based on its *de novo* review of the record and the law, the Court overrules the Petitioner's objection as to this ground and adopts the Magistrate Judge's Supplemental R&R.

## F.    Petitioner's Objections Regarding the Holding of an Evidentiary Hearing

Finally, to the extent that Petitioner requested an evidentiary hearing in his Petition, he has raised no specific objection to the Magistrate Judge's determination that he is not entitled to such.   The Court finds no clear error in that reasoning. Petitioner has not shown that he is entitled to an evidentiary hearing under § 2254(e)(2).

## IV.   CONCLUSION

Having conducted a *de novo* review of those objections which appear to raise an objection to a particular finding or analysis by the Magistrate Judge and a review for clear error for all other findings not objected to, and further having conducted that review and resolved Petitioner's Objections, the Court adopts the well-reasoned

---

[89] *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007); *accord United States v. Boswell*, No. 23-30315, —F.4th—, 2024 WL 3506194, at *12 (5th Cir. July 23, 2024) ("This court has described the possibility of cumulative error as 'often acknowledged but practically never found persuasive,' especially where the Government presents 'substantial evidence of guilt.'" (citations omitted)).

Magistrate Judge's Report and Recommendation[90] as well as the Magistrate Judge's Supplemental Report and Recommendation[91] in this matter.

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[92]  The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[93]  The Court finds that Petitioner Mark Cambre's Petition fails to satisfy this standard.  As such, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Objections are **OVERRULED** for the reasons stated.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Supplemental Report and Recommendation[94] is hereby adopted as the opinion of this Court.

---

[90] R. Doc. 19.

[91] R. Doc. 24.

[92] 28 U.S.C. § 2253(c)(2).

[93] *Miller-El v. Cockrell*, 537 U.S. 322, 326, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

[94] R. Doc. 24. To the extent that the Supplemental Report and Recommendation incorporates parts of the original Report and Recommendation, R. Doc. 19, those portions of that Report and Recommendation are adopted as well.

IT IS FURTHER ORDERED that Mark Cambre's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody is **DENIED** and **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that the Court **DENIES** a certificate of appealability.

New Orleans, Louisiana, July 30, 2024.

**WENDY B. VITTER**
**United States District Court**